```
1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  PATRICK E. CHAPMAN
   Assistant United States Attorney
4  Arizona State Bar No. 025407
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
6  Telephone: 602-514-7500
   Email: Patrick.Chapman@usdoj.gov
7  Attorneys for Plaintiff
```

FILED ☒   LODGED ☐
RECEIVED ☐   COPY ☐

DEC 18 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jacob Dean Whitehead,<br><br>Defendant. | No.  CR-24-2077-PHX-SMB (DMF)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. §§ 922(g)(3) and 924(a)(8)<br>(Possession of a Firearm by a Prohibited Person – Unlawful User of a Controlled Substance)<br><br>18 U.S.C. §§ 924(d) and 981;<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

On or about July 26, 2023, in the District of Arizona, Defendant JACOB DEAN WHITEHEAD, knowing he was an unlawful user of or addicted to any controlled substance, knowingly possessed a firearm in and affecting interstate or foreign commerce, to wit: one Glock, Model 30, .45 ACP caliber pistol, bearing serial number NGF477.

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegation of Count 1 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Count 1 of the Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

//
//
//
//
//

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: December 18, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona

s/
PATRICK E. CHAPMAN
Assistant U.S. Attorney